# Exhibit A

FILED - 8/26/2021 3:07 PM
2021-DCL-05025 / 56697078
LAURA PEREZ-REYES
Cameron County District Clerk
By Stephanie Pineda Deputy Clerk

CAUSE NO. 2021-DCL-05025

| | | |
|---|---|---|
| RICARDO DE LEON, § | | IN THE DISTRICT COURT |
| *Plaintiff,* § | | Cameron County - 404th District Court |
| § | | |
| V. § | | ___ JUDICIAL DISTRICT |
| § | | |
| WERNER ENTERPRISE, INC., § | | |
| and JACK QUANG DINH, § | | |
| *Defendants.* § | | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, RICARDO DE LEON hereafter "Plaintiff," and files this, his Original Petition against Defendants WERNER ENTERPRISE, INC. and JACK QUANG DINH, and alleges the following:

### I. DISCOVERY PLAN

1. Plaintiff intends to conduct discovery Level 3 of the Texas Rules of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-action process in Texas Rules of Civil Procedure 169 because Plaintiff seeks damages in the amount of $500,000.00 to $1,000,000.00 including damages of any kind, penalties, costs expenses, pre-judgment interest, and attorney's fees where applicable. Rule 47, of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff RICARDO DE LEON, Plaintiff in the above-styled and numbered cause is an individual who is a resident of San Benito, Cameron County, Texas.

3. Defendant JACK QUANG DINH, Defendant "DINH" in the above-styled and numbered cause is an individual who resides at 2398 Copper Sunrise, Sierra Vista, Cochise County, Arizona 85635, who may be served with process at his residence or wherever he may be found.

4. Defendant, WERNER ENTERPRISE, INC., Defendant "WERNER" in the above styled numbered cause is a corporation organized and existing under the laws of Nebraska, doing business

in the State of Texas, and may be served with process pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving its registered agent, Corporate Creations Network Inc., 5444 Westheimer #1000, Houston, Texas 77056 via private process.

## III. RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

5. Plaintiff requests that the jury determine what is fair and reasonable compensation for his damages. In that Rule 47 of the Texas Rules of Civil Procedure requires Plaintiff to provide a statement regarding the amount of monetary relief sought, Plaintiff seeks monetary relief in excess of $1,000,000.00 and is to be determined by the jury.

## IV. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this case because the amount in controversy is within this Court's jurisdictional requirements.

7. This Court has jurisdiction over Defendant WERNER, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant WERNER, will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Furthermore, Plaintiff would show that Defendants DINH and WERNER, engaged in activities constituting business in the State of Texas, as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that they: (1) contracted by mail or otherwise with a Texas resident, wherein a party to such contract incurred an obligation to tender performance, in whole or in part, within this State; and (2) committed a tort, in whole or in part, in this state.

9. Venue is proper in Cameron County, Texas, pursuant to §15.002(a)(1) of the Texas Civil Practice and Remedies Code in that all or a substantial part of the events or omissions giving rise

to the claim occurred herein. Moreover, venue is proper in Cameron County, Texas, pursuant to §15.002(a)(4) of the Texas Civil Practice and Remedies Code because Plaintiff resided in Cameron County, Texas at the time of the accrual of the cause of action.

## V. FACTS

10. On October 30, 2020, Defendant Dinh was operating a blue 2019 Freightliner Cascadia 126 tractor trailer with Nevada license plate no. W26691, last six of VIN: KC5246, as he was hauling a white 2009 Stoughton Trailer, Inc. trailer with Oklahoma license plate no. 2204JJ, last six of VIN: 136216, owned by Defendant Werner. Defendant Dinh was traveling westbound in the left lane of Expressway 83 at or about the intersection with S. Helen Moore Road. Contemporaneously, Plaintiff was traveling westbound on Expressway 83 in the middle lane in his black 2013 Hyundai Accent, Texas license plate no. HCK1670, last six of VIN: 128998. As Plaintiff crossed the intersection of W. Expressway 83 and Helen Moore Road in the middle lane, Defendant Dinh suddenly and without warning, unsafely and illegally switched lanes in the middle of the intersection – causing a violent collision with Plaintiff's vehicle. Defendant Dinh obstructed Plaintiff's right-of-way with conscious indifference and inattention, consequently causing the collision between Defendants' tractor trailer and Plaintiff's vehicle. A true and correct copy of the police report bates labeled PLF0001-0007 is incorporated herein for all purposes. At the scene of the collision, Defendant Dinh admitted to officer Martinez that he was "following the instructions that GPS was giving him" and otherwise not paying attention to the roadway. The force of the impact caused injuries to Plaintiff and caused great damage to Plaintiff's vehicle.

11. Moreover, at all relevant times Defendant Dinh was acting within the course and scope of his employment with Defendant Werner. This Defendant is responsible for the actions of Defendant Dinh under the legal theory of *respondeat superior*.

## VI. PLAINTIFF'S FIRST CAUSE OF ACTION: *NEGLIGENCE*

12. Plaintiff hereby incorporates by reference all facts, allegations and paragraphs contained in this petition as fully set forth herein.

13. Defendants' acts and omissions outlined herein constitute negligence.

14. Defendants had a common law duty to exercise ordinary care in the operation of the tractor and trailer, so as not to endanger the safety of others such as Plaintiff. Ordinary care is that degree of care that would have been used by a person of ordinary prudence under the same or similar circumstances.

15. Defendants breached that duty by one or more of the following acts and omissions:

   a. Failing to keep such a lookout as a person or ordinary prudence would have kept under the same or similar circumstances while changing lanes;

   b. Failing to carefully observe in an intelligent manner the general situation present on the roadway, including the speed and proximity of other vehicles while conducting his lane change operation;

   c. Failing to take timely evasive or precautionary actions to avoid a collision;

   d. Failing to yield the right-of-way to traffic already traveling within the lane boundary when attempting to make a lane change; and

   e. Driving inattentively.

16. Defendant Dinh had a common law duty to exercise ordinary care in the operation of his vehicle so as not to endanger the safety of others such as Plaintiff De Leon. *Metzger v. Gambill*, 37 S.W. 2d 1077, 1079 (Tex. Civ. App.—Dallas 1931, writ ref'd). Ordinary care is that degree of care that would have been used by a person of ordinary prudence under the same or similar circumstances. *Lumpkins v. Thompson*, 553 S.W. 2d 949, 952 (Tex. Civ. App.—Amarillo 1977, writ ref'd.).

17. Specifically, the law imposes on all persons a duty to keep a proper lookout, meaning such lookout as a person of ordinary prudence would have kept under the same or similar

circumstances. See, *Blount v. H.G. Berning, Inc.*, 211 S.W. 2d 773, 774 (Tex. Civ. App.—Dallas 1948, writ ref'd.) This duty encompasses not only a duty to look, but also a duty to "observe in a careful and intelligent manner the traffic and general situation..." *Lynch v. Ricketts*, 314 S.W. 2d 273, 275 (Tex. 1958). Moreover, this duty includes a duty to exercise due care as is reasonably appropriate for the motorist's own safety and the safety of others. *Madara v. Marshall*, 578 S.W.2d 787, 791 (Tex. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.)

18. In the collision with Plaintiff, Defendant Dinh breached his duty to exercise ordinary care in the operation of his vehicle so as not to endanger the safety of others by negligently failing to keep a proper lookout while driving westbound on Expressway 83 in Cameron County, Texas on October 30, 2020. Specifically, Defendant Dinh utterly failed in his duty to carefully observe in an intelligent manner the general situation present on the roadway, including the other traffic on the roadway. Had Defendant Dinh maintained a proper lookout as he was legally obligated to do, he would have noticed Plaintiff's vehicle traveling next to or in close proximity to him and would have stayed within his marked lane. Instead, Defendant Dinh was focused on his GPS screen and made an illegal maneuver in the intersection in question, drove his vehicle into Plaintiff's lane of travel, slamming his rig into De Leon's vehicle causing Plaintiff De Leon serious and permanent personal injuries.

19. Defendant Dinh failed to exercise that level of diligence and care which a person of ordinary prudence would have kept under the same or similar circumstances.

20. Finally, Defendant Dinh's joint and several acts and omissions complained of were a proximate cause of all or part of Plaintiff De Leon's damages, which are the natural, probable, and foreseeable consequences of Defendant Dinh's joint and several acts and omissions. Plaintiff De Leon has sustained numerous and severe injuries as a result of Defendant Dinh's

failure to exercise reasonable care, and he will suffer substantial future damages as well. Specifically, Plaintiff has suffered past medical expenses, past physical impairment, past physical disfigurement, past pain and suffering, past mental anguish, loss of services and in all reasonable probability will suffer future medical expenses, future pain and suffering, future mental anguish, permanent physical disfigurement, permanent physical impairment, permanent loss of services, property damage to his vehicle and loss of use of his vehicle.

## VII. PLAINTIFF'S SECOND CAUSE OF ACTION: *NEGLIGENCE PER SE*

21. Plaintiff hereby incorporates by reference all facts, allegations and paragraphs contained in this petition as fully set forth herein.

22. Defendant Dinh had a statutory duty to exercise ordinary care in the operation of his motor vehicle by driving as nearly as practical entirely within his lane boundaries, and not to move from his lane boundaries unless such movement could be done safely. Tex. Transp. Code § 545.060(a). Tort liability may be imposed onto any defendant who breaches these duties. *Borden Inc. v. Price*, 939 S.W.2d 247, 249-51 (Tex. App.—Amarillo 1997, writ denied). The standard of care for breach of the aforementioned duties is ordinary care. *Id.* Ordinary care is that degree of care that would have been used by a person of ordinary prudence under the same or similar circumstances. *Lumpkins*, 553 S.W.2d at 952.

23. Defendant Dinh had a statutory duty to exercise ordinary care in the operation of a motor vehicle by turning his vehicle without colliding with another vehicle or veering into another vehicle, object, or person, on or near the highway."

24. Also, the following sections from the Texas Transportation Code impose a statutory duty on Defendant:

**Section 545.060(a)(1)(2), wherein it provides in pertinent part:**

"an operator on a roadway divided into two or more clearly marked lanes for traffic shall

drive as nearly as practical entirely within a single lane and may not move from the lane unless that movement can be made safely."

## Section 545.401(a)(c)(2), wherein it provides in pertinent part:

"Any person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property...Notwithstanding Section 542.001, this section applies to: ...a highway or other public place."

25. Plaintiff is a member of the class that the aforementioned sections were designed to protect.

26. Defendant Dinh's unexcused breach of duty imposed by the Texas Transportation Code constitutes *negligence per se*. Moreover, Defendant Dinh's acts and omissions complained of are the proximate cause of all of Plaintiff's damages as described hereafter, which are the natural, probable, and foreseeable consequences of Defendant's said acts and omissions.

## VIII. PLAINTIFF'S THIRD CAUSE OF ACTION: *RESPONDEAT SUPERIOR*

27. Plaintiff hereby incorporates by reference all facts, allegations and paragraphs contained in this petition as fully set forth herein.

28. Defendant Werner is liable to Plaintiff De Leon for the negligent acts of its truck driver, Defendant Dinh, because at the time of the occurrence of the act in question and immediately prior thereto, Defendant Dinh was the agent, servant, and/or employee of Defendant Werner, and he was acting within the course and scope of employment for Defendant Werner.

29. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Dinh was engaged in the furtherance of Defendant Werner's business.

30. A defendant employer will face liability for the negligent torts of its employee if (1) a plaintiff is injured as the result of a tort; (2) the tortfeasor was an agent, servant and/or employee of the defendant, and (3) the tort was committed while the agent, servant and/or employee was acting within the scope of his employment. *Baptist Mem'l. Hosp. v. Sampson*, 969 S. W. 2d 945, 947 (Tex. 1998). A tort is committed while the agent, servant and/or employee is acting within

the scope of his or her employment, and he or she was acting (1) within the agent, servant, and/or employee's general authority, (2) in furtherance of the Defendant's business, and (3) for the accomplishment of the object for which the agent, servant and/or employee was hired. *Minyard Food Stores v. Goodman*, 80 S.W. 3d 573, 577 (Tex. 2002); *Mata v. Andrews Transp.*, 900 S.W. 2d 363, 366 (Tex. App.—Houston [14th Dist.] 1995, no writ).

31. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Dinh was engaged in accomplishing a task for which Defendant Dinh was employed, which included the transportation of materials, and was acting for the accomplishment of the object for which Dinh was hired, namely driving trucks operated by and/or for Defendant Werner.

32. At all times material to this petition, Defendant Dinh was an employee acting as a professional commercial driver operating Defendant Werner's commercial vehicles transporting goods and/or materials for the benefit of Defendant Werner and as an agent of Defendant Werner. Defendant Werner is liable and responsible for the damages and injuries as described hereafter, which were inflicted by Defendant Dinh's negligent acts and omissions, under the legal doctrine of *Respondeat Superior*.

33. Finally, Defendant Werner's joint and several acts and omissions complained of were a proximate cause of all or part of Plaintiff De Leon's damages, which are the natural, probable, and foreseeable consequences of Defendant Dinh's joint and several acts and omissions. Plaintiff De Leon has sustained numerous and severe injuries as a result of Defendant Dinh's failure to exercise reasonable care, and he will suffer substantial future damages as well. Specifically, Plaintiff has suffered past medical expenses, past physical impairment, past physical disfigurement, past pain and suffering, past mental anguish, loss of services and in all reasonable probability will suffer future medical expenses, future pain and suffering, future mental

anguish, permanent physical disfigurement, permanent physical impairment, permanent loss of services, property damage to his vehicle and loss of use of his vehicle. In addition, Plaintiff seeks exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a).

## IX. PLAINTIFF'S FOURTH CAUSE OF ACTION:
### *NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION*

34. Plaintiff hereby incorporates by reference all facts, allegations and paragraphs contained in this petition as fully set forth herein.

35. Defendant Werner was negligent in the hiring, training, supervision and retention of Defendant Dinh, who was an agent, servant and/or employee of Defendant Werner at the time of the events complained of and made the basis of Plaintiff's causes of action.

36. Defendant Werner owed a legal duty to the public at large to exercise ordinary care in the hiring, training, supervision and retention of its agents, servants and/or employees such as Defendant Dinh. As Defendant Dinh committed the aforementioned actionable torts, Defendant Werner breached this duty in the following ways:

   a. Hiring Defendant Dinh when a reasonably prudent employer would not have done so, in violation of its own hiring policies related to drivers;

   b. Failing to adequately investigate Defendant Dinh's driving record as required by 49 C.F.R. § 391.23;

   c. Failing to properly train Defendant Dinh by training, educating and instructing him in an appropriate manner to ensure he was competent and qualified to operate a commercial vehicle safely on the roadways of the state of Texas and in accordance with all applicable laws and regulations;

   d. Failing to properly supervise Defendant Dinh by ensuring that he complied with all applicable federal and state motor vehicle carrier safety and driving regulations and by ensuring that he operated Defendant Werner's commercial vehicles safely on the roadways of the state of Texas and in accordance with all applicable laws and regulations; and

   e. Retaining Defendant Dinh when a reasonably prudent operator or employers would not have done so.

37.    Defendant Werner's actions and omissions complained of, namely the breach of the above standards of care in its negligent hiring, training, supervision and retention of Defendant Dinh, are the proximate cause of all of Plaintiff's damages, which are the natural, probable and foreseeable consequences of Defendant Werner's said acts and omissions. Moreover, Plaintiff has sustained numerous and sever injuries as a result and will suffer substantial future damages as well.

38.    Finally, Defendant Werner's acts and omissions complained of are the proximate cause of Plaintiff's damages, which are the natural, probable, and foreseeable consequences of Defendant Werner's said acts and omissions. Plaintiff has sustained numerous and severe injuries as a result of Defendant Werner's failure to exercise reasonable care, and Plaintiff will suffer substantial future damages as well.

## X. DAMAGES

39.    Plaintiff hereby incorporates by reference all facts, allegations and paragraphs contained in this petition as fully set forth herein.

40.    Plaintiff seeks actual damages within the minimum jurisdictional limits of this Court.

41.    By reason of the foregoing injuries and damages, Plaintiff seeks damages for the elements of damages listed below:

   a.   Reasonable medical and healthcare expenses for necessary medical and health care treatment in the past;

   b.   Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the future;

   c.   Pain and suffering in the past;

   d.   Pain and suffering in the future;

   e.   Mental anguish in the past;

   f.   Mental anguish in the future;

   g.   Loss of physical capacity other than wage earning capacity in the past;

    h.    Loss of physical capacity other than wage earning capacity in the future;

    i.    Physical disfigurement in the past;

    j.    Physical disfigurement in the future;

    k.    Property damage to his vehicle; and

    l.    Loss of use of his vehicle.

## XI. RULE 193.7 NOTICE

42. Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiff intends to rely upon the authenticity of any document Defendants produce in discovery.

## XII. PRESERVATION OF EVIDENCE

43. Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business and medical records; estimates; invoices; checks; measurements; inspections of the vehicle (including pre and post trip); driver logs; cellphones in possession of the driver at the time of the collision in question; any vehicle; any download reports; any telemetry / GPS information for the truck or trailer involved; and any items which have been removed from any vehicle or portion of vehicle which was involved in the incident; correspondence; memoranda; files; facsimiles; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic images, data, or information related to Defendant, the referenced incident, or any damages resulting therefrom. Failure to maintain such items may constitute spoliation of evidence.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants Jack Quang Dinh and Werner Enterprise, Inc. be cited to appear and answer this Petition, and on final trial, have judgment against Defendants jointly and severally for the recovery of all damages in an

amount within the jurisdictional limits of this Court, together with interest, both pre-judgment and post-judgment, as allowed by law, all costs of court, and all other relief, both at law and in equity, to which Plaintiff maybe justly entitled.

    Respectfully submitted,

**THE ARMSTRONG FIRM**
Ron W. Armstrong, II / SBN: 24059394
310 S. St. Mary's St., Ste 2700
San Antonio, Texas 78205
210.277.0542 / 210.277.0548 (fax)
rwaii@tafpllc.com

**Ron W. Armstrong, Sr.**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
956.546.5556 / 956.546.0470 (fax)
office@armstrong-firm.com

*/s/ R.W. Armstrong*
R.W. Armstrong / SBN: 01323500

***Attorneys for Plaintiff Ricardo De Leon***

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Iris Gamez on behalf of Ronald Armstrong
Bar No. 24059394
iris@tafpllc.com
Envelope ID: 56697078
Status as of 8/27/2021 11:47 AM CST

Associated Case Party: RicardoDe Leon

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ronald W.Armstrong, II | | rwaii@tafpllc.com | 8/26/2021 3:07:30 PM | SENT |
| Amanda Armstrong | | amanda@tafpllc.com | 8/26/2021 3:07:30 PM | SENT |
| Ronald W.Armstrong, Sr. | | rwa@armstrong-firm.com | 8/26/2021 3:07:30 PM | SENT |

SEP 0 7 2021